UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL WISEMAN BOGER,  )
                       )
       Petitioner,     )   CASE No. C05-1674-MJP-JPD
                       )
    v.                 )
                       )
DOUG WADDINGTON,       )   REPORT AND RECOMMENDATION
                       )
       Respondent.     )
_____)

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He seeks relief under 28 U.S.C. § 2254 from the judgment and sentence entered following his 2001 convictions in King County Superior Court. Respondent has filed an answer to the petition in which he argues that petitioner's petition is untimely under the federal statute of limitations, 28 U.S.C. § 2244(d). The Court, having reviewed petitioner's petition, respondent's answer, and the balance of the record, concludes that petitioner's federal habeas petition should be dismissed, with prejudice, as untimely under 28 U.S.C. § 2244(d).

### PROCEDURAL HISTORY

On May 24, 2001, petitioner pleaded guilty in King County Superior Court to two counts of rape of a child in the first degree. (*See* Dkt. No. 11, Ex. 1 at 1.) On June 29, 2001, petitioner

REPORT AND RECOMMENDATION
PAGE - 1

was sentenced to a term of 120 months confinement, and to 36 to 48 months of community custody. (Dkt. No. 11 Ex. 1 at 4-5.) Petitioner's judgment and sentence was entered on July 2, 2001. (*See id.*, Ex. 1 at 1.)

Petitioner did not file a direct appeal. Petitioner did, however, file a personal restraint petition ("PRP") in the Court of Appeals of Washington in April 2005 challenging the structure of his sentence. (*Id.*, Ex. 2.) Petitioner argued in his personal restraint petition that because his plea agreement called for a total sentence of 120 months, any term of community custody must be included in, and not in addition to, the 120 months. (*Id.*, Ex. 2 at 3-4.) In support of his argument challenging the structure of his sentence, petitioner relied upon a Washington Supreme Court case in which the court held a defendant's guilty plea invalid because the defendant was not advised of the consequence of mandatory community placement. *State of Washington v. Donald Ross*, 129 Wn.2d 279, 287-88 (1996). Petitioner also relied upon the United States Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), to support his challenge to his sentence.

On May 4, 2005, the Court of Appeals of Washington issued an Order dismissing petitioner's personal restraint petition. (Dkt. No. 11, Ex. 3.) The Court of Appeals addressed only petitioner's *Blakely* argument in rejecting his personal restraint petition. Petitioner next filed a motion for discretionary review in the Supreme Court of Washington. (*Id.*, Ex. 4.) The Supreme Court Commissioner issued a ruling denying review on June 15, 2005. (*Id.*, Ex. 5.) Petitioner filed a motion for reconsideration of the ruling denying review, but that motion was denied by the Supreme Court on September 8, 2005. (*Id.*, Exs. 6 and 7.) The Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings on October 21, 2005. (*Id.*, Ex. 8.)

On September 22, 2005, petitioner signed his federal habeas petition. (Dkt. No. 1.) The petition was received by the Court for filing on October 3, 2005. (*Id.*)

REPORT AND RECOMMENDATION
PAGE - 2

## DISCUSSION

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), which worked substantial changes in the law of federal post-conviction relief. One of those changes was to adopt a one-year statute of limitations for § 2254 actions. *See* 28 U.S.C. § 2244(d)(1).

Section 2244(d)(1) states that the one year limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not dispute that he filed his federal habeas petition more than one year after his judgment and sentence became final. Petitioner argues instead that respondent may not raise the time bar issue for the first time in these proceedings when it was not an issue in his proceedings before the Washington appellate courts. He further argues that his petition is not time barred under RCW 10.73.090(1).

Whether petitioner's personal restraint petition was deemed timely filed under state law, or whether the state even raised the timeliness issue in petitioner's personal restraint proceedings, has no bearing on these proceedings. If petitioner's petition was not timely filed in this Court in accordance with the provisions of § 2244(d)(1), as set forth above, petitioner is barred from proceeding with his federal habeas petition.

The record before this Court makes clear that petitioner's federal habeas petition was not timely filed in accordance with § 2244(d)(1)(A). Petitioner's judgment became final, under state

REPORT AND RECOMMENDATION
PAGE - 3

1  law, on July 2, 2001.[1] Thus, petitioner had until July 2, 2002, to file his federal habeas petition.
2  The one year limitations period is tolled for any properly filed collateral state challenge to the
3  pertinent judgment or claim.  28 U.S.C. § 2244(d)(2).  Petitioner did file a collateral state
4  challenge to his judgment and sentence.  However, he did not file that challenge until April 2005,
5  well after the statute of limitations had already expired.  Petitioner's personal restraint
6  proceedings in the state courts therefore would not have acted to toll the statue of limitations.  *See*
7  *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999).

8       The statute of limitations is also subject to equitable tolling.  *Laws v. Lamarque*, 351 F.3d
9  919, 922 (9th Cir. 2003).  However, the Ninth Circuit has made clear that equitable tolling is
10  available "only when extraordinary circumstances beyond a prisoner's control make it impossible
11  to file a petition on time and the extraordinary circumstances were the cause of his untimeliness."
12  *Id*. (internal quotation and citation omitted).  Petitioner does not argue that he is entitled to
13  equitable tolling of the federal statute of limitations.

14       As noted above, petitioner did not sign his federal habeas petition until September 22,
15  2005, over three years after the statute of limitations expired on July 2, 2002.  Because petitioner
16  filed his petition outside of the § 2254 statute of limitations period, and because petitioner has not
17  demonstrated that he is entitled to either statutory or equitable tolling of the limitations period, his
18  petition is time-barred.  This Court therefore recommends that petitioner's federal habeas petition
19  be dismissed, with prejudice, pursuant to 28 U.S.C. § 2244(d).  A proposed order accompanies
20  this Report and Recommendation.

---

[1] Because petitioner pleaded guilty, and received a standard range sentence, it appears that he had no right to direct review in the state courts.  *See* RCW 9.94A.210(1); *State v. Friederich-Tibbets*, 123 Wn.2d 250, 252 (1994).  Thus, petitioner's judgment and sentence became final upon entry.

REPORT AND RECOMMENDATION
PAGE - 4

1  DATED this 2nd day of March, 2006.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5